UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Edward Wilkins, # 244908, aka Edward Earl Wilkins, | ) ) ) | C/A No.: 2:07-cv-3432-GRA |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | (Written Opinion) |
| Department of Correction; Medical Department of Corrections; and the State of South Carolina | ) ) ) ) ) ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73.02)B)(2)(d), D.S.C., filed November 19, 2007. Plaintiff originally filed his complaint on October 18, 2007, pursuant to 42 U.S.C. § 1983, alleging that he was injured when correctional officers removed his handcuffs with a bolt cutter and, subsequently, failed to provide him with adequate medical care. The magistrate recommends dismissing this suit without prejudice and without issuance and service of process.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file any timely objections.

After a thorough review of the record and the Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of this case. This Court, therefore, adopts the magistrate's Report and Recommendation in its entirety. This Court also notes that the plaintiff brought this suit under 28 U.S.C. § 1915 and it is being dismissed for failure to state a claim upon which relief can be granted. *R. & R.* at 6. Therefore, this Court finds that this dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g). This is the plaintiff's second strike in this Court. *See Wilkins v. Darlington County, et al*, No.: 2:07-cv-3317, 2007 WL 3306695 (D.S.C. Nov. 6, 2007).

IT IS THEREFORE SO ORDERED THAT this case be dismissed without prejudice and without issuance and service of process.  IT IS FURTHER ORDERED THAT THIS dismissal constitute a strike for the three strikes provision in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

*[signature]*

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 14, 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.